IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN, *et al.*,

    Plaintiffs,

v.                                                            No. 24-cv-261 JCH/KK

FNU WILKENS, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on the Prisoner Civil Rights Complaint (Doc. 1) (Complaint), which was filed by or on behalf of the following inmate-plaintiffs: Loydale Kirven, Paul A. Moreno, Joseph Kanizar, and Derrick J. Castillo. The Complaint primarily challenges the inmates' conditions of confinement at Guadalupe County Correctional Facility in Santa Rosa, New Mexico. Plaintiff Loydale Kirven appears to have prepared the Complaint, and he has also filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 4) (IFP Motion) and Motion to Compel Discovery (Doc. 8). Each inmate-plaintiff has filed a Notice of Change of Address. *See* (Docs. 3, 5-7, 9-11). Accordingly, each inmate-plaintiff has either been transferred or released from custody, and the inmate-plaintiffs are no longer housed at the same facility. As a threshold issue, the Court must determine whether it is feasible for multiple inmate-plaintiffs to prosecute this case.

    Fed. R. Civ. P. 20 governs the joinder of multiple plaintiffs. The Court, in its discretion, may permit a joinder where all claims arise from the same transaction/occurrence and share at least one question of law or fact. *See* Rule 20(a)(1); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) (permissive joinder is a matter of discretion).

Even where these requirements are met, the Court may disallow a joinder based on the inherent impracticalities associated with *pro se* prisoner litigation. *See Bourn v. Geo Grp., Inc.*, 2012 WL 451286, at *2 (D. Colo. Feb. 13, 2012) ("Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1)"); *Ricky L. Hollins, et al., v. KDOC Staff, et al.,* 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) ("In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)"); *Adams v. GEO Grp., Inc.*, 2021 WL 2407436, at *1 (W.D. Okla. Apr. 13, 2021) (same); *Bastian v. Jaramillo*, 2023 WL 4182806, at *2 (D.N.M. June 21, 2023) (same). If multiple plaintiffs proceed in one case, for example, "any pleading filed [would need to] bear [each of] their signatures pursuant to [Fed. R. Civ. P.] 11(a)." *Bastian*, 2023 WL 4182806, at *2. Prison transfers "could, at any time, restrict interpersonal communication between Plaintiffs," preventing "them from … conferring with one another, reviewing proposed pleadings [to comply with Rule 11], and … meet[ing] the court's deadlines." *Dill v. Thomas*, 2023 WL 8115921, at *1–2 (W.D. Okla. Oct. 31, 2023). *See also Pinson v. Whetsel*, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007) ("If one inmate is moved during the course of the litigation, the court may find itself in the position of ordering prison officials to allow co-plaintiff inmates to correspond with each other, in derogation of a … legitimate prison policy.").

"A prisoner litigating jointly under Rule 20 [also] takes th[e] risks for *all* claims in the complaint, whether or not they concern him personally." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (emphasis in original). This means that if the inmate-plaintiffs are proceeding *in forma pauperis* – which is true in the vast majority of cases – they could all accrue strikes under

2

28 U.S.C. § 1915(g) if the complaint is dismissed for failure to state a cognizable claim. *Id.* (explaining the risk that one plaintiff would accrue a strike by signing another plaintiff's filing); 28 U.S.C. § 1915(g) (noting inmate-plaintiffs accrue a strike each time their case is dismissed for failure to state a cognizable claim and that they cannot proceed *in forma pauperis* after accruing three strikes). Finally, "multiple-plaintiff prisoner litigation also raises concerns that *pro se* prisoner plaintiffs might be seeking to impermissibly provide legal assistance to each other in pursuing their claims." *Hunnicutt v. Smith*, 2021 WL 3618315, at *20–21 (D.N.M. Aug. 16, 2021) (quotations omitted).

The filings here implicate a number of these concerns. The inmate-plaintiffs did not all sign the Complaint, which makes it impossible to discern the scope of the joined claims. *See* (Doc. 1) at 5-6. Moreover, as noted above, all of the inmate-plaintiffs have been transferred or released, and mailings to Joseph Kanizar has severed contact with the Court. *See* Docs. 3, 5-7, 9-11. The Court therefore finds that joinder is impractical in this case.

Courts take different approaches where, as here, inmate-plaintiffs are not permitted to proceed together under Rule 20. Some courts dismiss the entire case and require each plaintiff to file a new case. *See, e.g., Ricky L. Hollins, et al., v. KDOC Staff, et al.,* 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) (noting the case featuring multiple inmate-plaintiffs "may not proceed as filed and is dismissed without prejudice"). Other courts allow the primary filer to proceed in the original action and dismiss the claims of the other-inmate plaintiffs without prejudice to refiling. *See, e.g., Gentry v. Lawton Corr. Facility*, 2014 WL 2712305, at *2 (W.D. Okla. May 13, 2014) (noting one plaintiff "has been the dominate filer thus far" and that the other plaintiff should be "dismissed from the action and be instructed that if he wishes to pursue his claims, he must file an independent action"). *Cf Rueb v. Zavaras,* 371 Fed. App'x 982, 985–86 (10th Cir. 2010)

(affirming where "the district court dismissed all plaintiffs except [one], … ordered him to file another amended complaint … limited solely to his own claims").

The Court will take the latter approach; permit the primary filer (Loydale Kirven) to proceed in this case; and dismiss the claims of all remaining plaintiffs without prejudice to refiling their own case. To prosecute this case, Kirven must file an amended complaint limited solely to his own claims within thirty (30) days of entry of this Order. If Kirven fails to timely file an amended complaint, this case may be dismissed without further notice. Moreover, if another plaintiff (*i.e.*, a plaintiff who is not Kirven) submits a pleading in this case, the Court may decline to file it in this docket and direct the Clerk's Office to open a new case on behalf of that plaintiff.

Regarding Kirven's IFP Motion (Doc. 4), his financial information reflects he is unable to prepay the $405 filing fee. He received less than $2 in deposits and has a balance of less than $1 in his inmate account. *Id.* at 4. The Court will therefore grant the IFP Motion (Doc. 4) and waive the initial partial payment. As to the Motion to Compel Discovery (Doc. 8), because Kirven is a prisoner proceeding *pro se*, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A. A request for discovery is premature and unavailable prior to the Court completing its screening obligation. If Kirven files an amended complaint and if the amended complaint survives screening, the Court will enter orders governing service of process, discovery, and scheduling. At this stage of the proceedings, however, the Motion to Compel Discovery (Doc. 8) is premature and will be denied without prejudice.

**IT IS THEREFORE ORDERED** that Loydale Kirven is the only Plaintiff permitted to prosecute this case; all claims filed by other inmate-plaintiffs are **DISMISSED without prejudice** to filing their own separate actions.

4

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Plaintiff Loydale Kirven must file an amended complaint limited solely to his own claims.

**IT IS FURTHER ORDERED** that Plaintiff Loydale Kirven's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (**Doc. 4**) is **GRANTED** and the initial partial payment is waived; and his Motion to Compel Discovery (**Doc. 8**) is **DENIED without prejudice**.

**SO ORDERED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE